UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>HAM & RYE, LLC, a Washington limited liability company,<br><br>Defendant. | Case No. C10-579RJB<br><br>ORDER ON DEFENDANT'S MOTION TO STAY PROCEEDINGS AND DEFENDANT'S MOTION FOR CONTINUANCE OF PLAINTIFF'S SUMMARY JUDGMENT MOTION |

This matter comes before the court on Defendant's Motion to Stay Proceedings (Dkt. 26) and on Defendant's Motion for Continuance of Plaintiff's Summary Judgment Motion (Dkt. 29). The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL BACKGROUND

Ham & Rye, LLC (Ham & Rye) was the developer for Condominiums at Aldrich's Market, a condominium in Port Townsend, Washington. The Condominiums at Aldrich's Market consists of eight residential units, owned by individuals who are members of the Condominiums at Aldrich's Market Association (Association); and two commercial units, owned by Ham & Rye. Jonathan Ryweck and David Hamilton are the principals of Ham & Rye.

Oregon Mutual Insurance Company (Oregon Mutual) issued a general liability policy to Ham & Rye, Policy No. BSP710427, which was in effect for two consecutive annual periods from July 28,

ORDER
Page - 1

2008 to July 28, 2010 (the Policy). The Policy provided that it would "pay those sums that the insured becomes legally obligated to pay as damages because of ... 'property damage' ... to which this insurance applies ... [and] defend the insured against any 'suit' seeking those damages." Dkt. 23, at 27-28 and 75-76.  The Policy includes several exclusions, including provisions barring coverage if property damage was "expected or intended from the standpoint of the insured." Dkt. 23, at 29-30 and 77-78.

There are two construction defect lawsuits pending in Jefferson County Superior Court.  The first state court action, filed  December 16, 2008, is *The Condominiums at Aldrich's Market Owners Association, et al. v. Ham & Rye, LLC*, Jefferson County Superior Court No. 08–2-00418-9 (First Underlying Action), in which the Association and the owners of the eight residential units have sued Ham & Rye for breach of implied warranties; breach of implied warranty of habitability; breach of contract; violation of the Washington Consumer Protection Act, RCW 19.86; breach of fiduciary duty; and failure to disclose all it knew about the alleged defects in the building, as required by RCW 64.34.405 and RCW 64.34.410.  Dkt. 27-2, at 2-21.  Ham & Rye tendered defense and indemnity to Oregon Mutual, which agreed to provide a defense to Ham & Rye under a reservation of rights.  Dkt. 27, at 33-45.

The second state court action, filed February 25, 2010, is *Solvik v. Ryweck*, Jefferson County Superior Court No. 10-2-00111-4 (Second Underlying Action), in which the individual owners have sued Jonathan Ryweck for breach of his fiduciary duty while serving on the Board of Directors of the Association; and failure to disclose to the Board of Directors all that he knew about the alleged defects in the building, as required by RCW 64.34.405 and RCW 64.34.410.  Dkt. 27, at 23-31.  The complaint alleges that "[t]he SUBJECT PROPERTY was built in a manner which has substantial deficiencies, falls below applicable performance standards for new construction and lacks reasonable and/or required safety features, structural integrity and other features to provide lawful and adequate protection against the elements." Dkt. 27, at 28-29.  The claims in this lawsuit are, or may be, covered under another policy issued by Oregon Mutual to the Association.  Oregon Mutual is defending the Second Underlying Action and has appointed separate defense counsel for Mr. Ryweck.

On April 5, 2010, Oregon Mutual filed a complaint for declaratory judgment in this court, requesting that the court declare that it has no duty to defend, indemnify or pay insurance benefits with respect to the First Underlying Action in state court. Dkt. 1.

On June 22, 2010, Oregon Mutual filed a motion for summary judgment, requesting that the court determine that the Policy does not apply to the First Underlying Action because Ham & Rye had notice of a claim prior to the July 28, 2008 effective date of the Policy. Dkt. 22, at 6.

On July 2, 2010, Ham & Rye filed a motion, requesting that the court stay these proceedings until the First and Second Underlying Actions are fully adjudicated or resolved. Dkt. 26.

On July 8, 2010, Ham & Rye filed a motion for continuance of Oregon Mutual's motion for summary judgment, requesting that, in the event that the court denies its motion to stay proceedings, the time for Ham & Rye to respond to Oregon Mutual's motion for summary judgment be extended until two weeks after the court rules on Ham & Rye's motion to stay. Dkt. 29.

## MOTION TO STAY

Ham & Rye requests that the court stay these proceedings until both underlying actions in state court are fully adjudicated or resolved. Dkt. 26. Ham & Rye contends that its knowledge of construction defects is the issue being litigated in both of the underlying actions; that among the central issues in the Second Underlying Action are what Ham & Rye and Mr. Ryweck knew about the defects and when they knew about them; that, pursuant to *Mutual of Enumclaw Ins. Co. v. Dan Paulson, Inc.*, 161 Wn.2d 903 (2007), insurers are barred from litigating declaratory judgment actions against their policy holders when such a declaratory action requires adjudication of factual matters disputed in an underlying action; that an insurer acts in bad faith if it pursue a declaratory judgment that might prejudice its insured's tort defense; and that the First and Second Underlying Actions are inextricably related to and revolve around the same facts and circumstances as the facts at issue in this declaratory judgment action. Dkt. 26. Ham & Rye contends that, in this declaratory judgment action, Oregon Mutual intends to litigate whether Ham & Rye was aware of certain construction defects at particular points in time, and that litigation of these facts in this declaratory judgment action could be devastating to the Ham & Rye and Ryweck defenses in the underlying actions.

1          Oregon Mutual opposes Ham & Rye's motion to stay, arguing that Ham & Rye received
2  notice of the claims for construction defects and resulting property damage before the effective date
3  of coverage under the Policy. Dkt. 28. Oregon Mutual maintains that the coverage decision relies on
4  uncontested facts that do not overlap with issues in the two underlying actions. Oregon Mutual
5  contends that Ham & Rye had notice of the claims (1) on March 27, 2008, when, as alleged in its
6  third party complaint in the First Underlying Action, Ham & Rye filed a notice of claim pursuant to
7  RCW 64.50.020 against Hammerworks and the architect; and (2) on May 1, 2008, when the
8  Association sent a letter to Ham & Rye, pursuant to RCW 64.50, notifying Ham & Rye of
9  construction defects and resultant property damage. Dkt. 28, at 2. Oregon Mutual contends that a
10 stay would waste the resources of this court, and would delay disposition of uncontested facts and
11 legal issues that are both ripe and independent of the two underlying actions. Dkt. 28, at 1.

12         In its reply, Ham & Rye maintains that the issues in this coverage action and in the underlying
13 action involve the timing of when Ham & Rye, or its principal(s), became aware of structural damage
14 to the condominium arising out of negligent structural engineering and improper construction of the
15 framing, not just the existence of moisture intrusion causing interior damage. Dkt. 31. Ham & Rye
16 contends that the notice identified in Oregon Mutual's opposition documents specifies construction
17 defects related to moisture intrusion; that the Second Underlying Action involves serious structural
18 damage to the condominium unrelated to moisture intrusion; that an engineering report regarding
19 structural damage was rendered after the effective date of the Policy and was not disclosed to Ham &
20 Rye until March of 2009; and that, in its reservation of rights letters, Oregon Mutual claimed that
21 Ham & Rye was aware of the structural damage issues. Ham & Rye contends that it may have
22 received notice of the *moisture intrusion* issues via the May 1, 2008 RCW 64.50 notice, but that it
23 had no knowledge of the *structural* damage issues before the effective date of the Policy. Ham & Rye
24 contends that knowledge of both the moisture intrusion and structural damage issues are before the
25 court in this coverage action and in the two underlying actions. Ham & Rye maintains that, because
26 determination of the facts in this coverage action would prejudice Ham & Rye in the two underlying
27 actions, the court should stay this coverage proceeding until the underlying actions are resolved.
28

ORDER
Page - 4

## LEGAL STANDARD

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

## DISCUSSION

Oregon Mutual contends that Ham & Rye had knowledge of a "claim" when it admitted in its third party complaint against the general contractor and the architect that it issued notice of construction defects in its notice pursuant to RCW 64.50 to the general contractor and the architect; and when the Association issued its notice pursuant to RCW 64.50 to Ham & Rye. Oregon Mutual claims that the court may base its coverage decision on these undisputed facts, which Oregon Mutual argues are independent from the facts at issue in the two underlying actions.

Ham & Rye, on the other hand, contends that the RCW 64.50 notices applied only to water intrusion issues, and that the issues in the two underlying actions, and the coverage issue in this case, involve the broader questions of structural defects, including when Ham & Rye knew about the alleged structural defect problems.

The parties do not dispute that Ham & Rye had knowledge of the water intrusion issues before the effective date of the Policy. However, there are issues in the two underlying actions about whether and how the structural issues are related to the water intrusion issues, and the extent of Ham

& Rye and Mr. Ryweck's knowledge of water intrusion and/or structural defects and the timing of that knowledge.

Oregon Mutual would be required to continue to represent Ham & Rye in the First Underlying Action, if the court does not grant the stay. However, the potential risk to Ham & Rye if this court proceeds with this declaratory judgment action while the two underlying actions are pending outweighs Oregon Mutual's interests. There is a significant risk of prejudice to Ham & Rye in the two underlying state court proceedings if this court were to make factual determinations related to coverage. Further, resolution of the facts in the underlying action promotes the orderly course of justice. Balancing the interests of the parties, it appears that the court should stay this coverage action until the two underlying state court proceedings are concluded. The court should grant Ham & Rye's motion to stay the proceedings.

Ham & Rye's motion to continue Oregon Mutual's motion for summary judgment should be denied as moot.

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Stay Proceedings (Dkt. 26) is **GRANTED.** This case is **STAYED** until the proceedings in *The Condominiums at Aldrich's Market Owners Association, et al. v. Ham & Rye, LLC*, Jefferson County Superior Court No. 08–2-00418-9 and *Solvik v. Ryweck*, Jefferson County Superior Court No.10-2-00111-4 are concluded. Not later than ten days after proceedings are concluded in the latter of those cases, Oregon Mutual is **ORDERED** to inform the court of the status of this case. Defendant's Motion for Continuance of Plaintiff's Summary Judgment Motion (Dkt. 29) is **DENIED** as moot. Plaintiff Oregon Mutual's Motion for Summary Judgment (Dkt. 22) is **STRICKEN**, subject to renoting or refiling if and when this case is reopened. This case is administratively closed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of July, 2010.

Robert J. Bryan
United States District Judge